UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 21st day of November, two thousand and three.

PRESENT:

    Hon. John M. Walker, Jr.,
           Chief Judge,
    Hon. Pierre N. Leval,
    Hon. José A. Cabranes,
           Circuit Judges.

-----------------------------------------x
ALICE KALTMAN-GLASEL,

    Plaintiff-Appellant,

        v.

FRANCIS M. DOOLEY, STUYVESANT K. BEARNS, and
SHIPMAN & GOODWIN LLP,

    Defendants-Counter-claimants-
    Appellees,

EDWARD W. DUNHAM, WILLIAM R. DAVIS, and
MARGARET P. MASON,

    Special Masters.
-----------------------------------------x

No. 02-9457

*[Filed stamp: United States Court of Appeals, NOV 21 2003, Roseann B. MacKechnie, Clerk, Second Circuit]*

APPEARING FOR APPELLANT:    JOHN R. WILLIAMS, New Haven, CT

1

```
 1   APPEARING FOR APPELLEE:        PATRICK M. NOONAN, Delaney,
 2                                  Zemetis, Donahue, Durham & Noonan,
 3                                  Guilford, CT (Patrick M. Fahey,
 4                                  Shipman & Goodwin LLP, Hartford,
 5                                  CT, on the brief)
 6
 7        Appeal from the United States District Court for the
 8   District of Connecticut (Janet Bond Arterton, District Judge).
 9
10        UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
11   DECREED that the judgment of said district court be and it hereby
12   is AFFIRMED.
13
14        Plaintiff-appellant Alice Kaltman-Glasel ("appellant")
15   appeals from a judgment of the United States District Court for
16   the District of Connecticut (Janet Bond Arterton, District Judge)
17   awarding defendants-appellees-counter-claimants ("appellees")
18   $67,173.83 in damages.  Kaltman-Glasel appeals, contending that
19   the district court had no subject matter jurisdiction over
20   appellees' counter-claims once her claims were disposed of by
21   summary judgment because appellees' claim did not meet the amount
22   in controversy requirement of $75,000 for diversity jurisdiction
23   under 28 U.S.C. § 1332.  At oral argument, appellant offered an
24   argument different from any in her brief: counsel suggested that
25   since the counterclaims did not articulate a basis for
26   jurisdiction pursuant to Federal Rule of Civil Procedure 8, and
27   the district court did not make any independent determination
28   that the counter-claims arose from a common nucleus of operative
29   fact, this court should find a failure of subject matter
30   jurisdiction on the counterclaims.  Kaltman-Glasel also argues
31   that the appellees' counterclaims were time-barred under Conn.
32   Gen. Stat. § 52-581.  Because none of appellant's contentions
33   have any colorable merit, we affirm.
34
35        We review legal conclusions about subject matter
36   jurisdiction de novo.  Viacom Int'l, Inc. v. Kearney, 212 F.3d
37   721, 726 (2d Cir. 2000).  The case before us presents a textbook
38   example of an appropriate exercise of that jurisdiction pursuant
39   to 28 U.S.C. § 1367.  The district court "may exercise
40   'supplemental jurisdiction over all other claims that are so
41   related to claims in the action within such original jurisdiction
42   that they form part of the same case or controversy.'"  Viacom,
43   212 F.3d at 726 (quoting 28 U.S.C. § 1367(a)).  Here, the
44   appellees' state law counter-claim for unpaid legal fees was
45   plainly derived "from a common nucleus of operative fact" that
46   was the basis of the appellant's legal malpractice claim in
47   diversity.  See Cicio v. Does 1-8, 321 F.3d 83, 97 (2d Cir.
48   2003).  Having been seized with subject matter jurisdiction over
```

the counterclaims, the district court did not lose it by disposing of appellant's claims-in-chief.

Appellant alleged at oral argument that the pleading instructions of Rule 8(a) required the defendants to assert a basis for the district court's jurisdiction on its counterclaim. This argument has no merit. Appellant waived this argument by failing to address it in her brief, Frank v. United States, 78 F.3d 815, 832-33 (2d Cir. 1996), vacated on other grounds, 521 U.S. 114 (1997); in any case, the language of Rule 8(a) makes plain that a new statement of jurisdictional basis is not necessary when "the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." Fed. R. Civ. Pro. 8(a). Finally, even if there were a pleading failure, our de novo review allows us to find, as we do, that the counter-claim clearly arose from a common nucleus of operative fact and the exercise of supplemental jurisdiction was appropriate.

Nor can Kaltman-Glasel prevail on her argument based on the statute of limitations, because she waived it. When the issue was raised in the district court, the judge suggested that statute of limitations questions not be presented to the jury but be presented to the court. Plaintiff agreed and made no objection to the jury charge, which omitted all issues pertinent to timeliness. Thereafter, Kaltman-Glasel never raised the question again until she appealed. Accordingly, the question was not preserved for appeal and is not properly before us.

We have carefully considered all of appellant's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr* (signature)

Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Tammy Martinez* (signature)
DEPUTY CLERK